OPINION OF THE COURT
Herbert Kramer, J.
This article 78 proceeding seeking a temporary stay is, in effect, one for prohibition. Towards the end of the 1981-1982 school year, the Board of Education of the City of New York declined to renew its contract with petitioner Fairmont School after a four-year period of continuous contracting, on the ground of claimed financial mismanagement. The original contract called for the education of handicapped students. Upon the termination of the contract, the board of education, in accordance with procedure, has offered an alternative “location” for the majority of the students and is seeking placement for the balance. Few of the students have accepted the offered alternative, and they have not as yet exhausted their administrative remedies afforded both under Federal and State statutes. The petitioners, the Fairmont School, its owner and principal shareholder and the parent of one of the affected children bring suit to prohibit the closing of the school on their own behalf and that of all other similarly situated children. This petition merely seeks a stay prohibiting the closing of *712 the school pending determination under the applicable administrative procedures.
It is noteworthy that petitioner has submitted affidavits from appropriate officials in the State Education Department in support of its application. However, the State has not seen fit to intervene through the Attorney-General.
All parties in this matter of first impression in the State concede that an automatic stay is provided for the benefit of an individual child whose educational placement is sought to be changed (US Code, tit 20, § 1401 et seq.; Education Law, § 4401).
The issue devolves as to whether the termination of a program at a particular school is a change in educational placement as defined by the appropriate statutes. Where such a change in placement is involved, the court uniformly will stay an alternate placement (Windward School v State of New York, 3 EHLR 551:221 [SDNY 1978], affd 3 EHLR 551:224 [2d Cir 1979]; Dima v Macchiarola, 513 F Supp 565).
A series of cases involving school closing has uniformly held that a change of school is not per se a change in educational placement (Windward School v State of New York, supra; Dima v Macchiarola, supra; Concerned Parents v New York City Bd. of Educ., 629 F2d 751; Gebhardt v Ambach, 82 Civ 244 E [WDNY] 1982).
It is conceivable that the placement of a child from one school to another may involve a change in educational placement within the meaning of the act which would then trigger the requirement of a stay preventing the immediate closing of a school. In the matter at bar, however, there is not sufficient proof of the required irreparable injury to the student shown in the papers to warrant a stay. This may be shown by educational uniqueness in the school or by a showing that another school would not similarly aid the student. Finally, there is no right in the school for such an order.